# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| POLLO OPERATIONS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AGRI STATS, INC.; CASE FOODS, INC.; CASE FARMS, LLC ; CASE FARMS PROCESSING, INC.; CLAXTON POULTRY FARMS, INC.; FOSTER FARMS, LLC ; FOSTER POULTRY FARMS; HARRISON POULTRY, INC.; HOUSE OF RAEFORD FARMS, INC.; KOCH FOODS, INC.; JCG FOODS OF ALABAMA, LLC; JCG FOODS OF GEORGIA, LLC; KOCH MEAT CO., INC.; MAR-JAC POULTRY, INC., MAR-JAC POULTRY MS, LLC, MAR-JAC POULTRY AL, LLC, MAR-JAC AL/MS, INC., MAR-JAC POULTRY, LLC AND MAR-JAC HOLDINGS, LLC; MOUNTAIRE FARMS, INC.; MOUNTAIRE FARMS, LLC; MOUNTAIRE FARMS OF DELAWARE, INC.; O.K. FOODS, INC.; O.K. FARMS, INC.; O.K. INDUSTRIES, INC.; PERDUE FARMS, INC.; PERDUE FOODS, LLC; PILGRIM'S PRIDE CORPORATION; SANDERSON FARMS, INC.; SANDERSON FARMS, INC. (FOODS DIVISION); SANDERSON FARMS, INC. (PRODUCTION DIVISION); SANDERSON FARMS, INC. (PROCESSING DIVISION); SIMMONS FOODS, INC.; SIMMONS PREPARED FOODS, INC.; TYSON FOODS, INC.; TYSON CHICKEN, INC.; TYSON BREEDERS, INC.; TYSON POULTRY, INC.; AND WAYNE FARMS, LLC,<br><br>    Defendants. | Civil Action No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.      Plaintiff Pollo Operations, Inc. ("Pollo") is a Florida corporation with its principal place of business in Miami, Florida.  During the Conspiracy Period, Pollo operated restaurants under the Pollo Tropical banner.

2.      Restaurants like Pollo serve their proprietary chicken products in multiple locations throughout the country.  To ensure consistency in taste and quality of its products across hundreds of locations spanning multiple states, Pollo, like many restaurants, negotiated and contracted directly with Defendants for the production and supply of its chicken, according to Pollo's unique recipes and specifications.  These negotiations and contracts governed the price and quantity at which Defendants would supply Pollo with Broilers.

3.      The contracts entered into between Pollo and Defendants set forth the agreed price and volume of chicken products to be sold to Pollo.

4.      Pollo brings this action on its behalf and as assignee of Kelly's Foods Inc. ("Kelly's) for overcharges on direct purchases of Broilers by Pollo, and by Kelly's that were sold to Pollo during the Conspiracy Period.  During the Conspiracy Period, Kelly's purchased Broilers on Pollo's behalf from Defendants and/or their co-conspirators. Kelly's has assigned its claims arising out of these purchases to Pollo.

5.      Pollo was damaged by Defendants' anticompetitive and illegal conduct by paying artificially inflated prices for Broilers.

6.      Pollo brings this action for damages under the federal antitrust laws against Defendants identified below and incorporates by reference Direct Action Plaintiffs' Consolidated

Complaint and Demand for Jury Trial [ECF Nos. 3922 & 3924] filed in *In re Broiler Chicken Antitrust Litigation*, 16-cv-8637 (N.D. Ill.) on October 23, 2020.[1]

7. Pollo joins Section II of the Direct Action Plaintiffs' Consolidated Complaint and Demand for Jury Trial [ECF Nos. 3924 & 3944], adding the following to specify Pollo's causes of action and the Defendants and Co-Conspirators in Pollo's action.

| Plaintiff Name | Operative Complaint (Reference is to Sealed Version, if applicable) | Named Defendants (Not Previously Dismissed) | Named Co-Conspirators (if any)[2] | Causes of Action |
|---|---|---|---|---|
| Pollo Operations, Inc. | To Be Determined | Agri Stats; Case; Claxton; Foster Farms; Harrison; House of Raeford; Koch; Mar-Jac; Mountaire; O.K. Foods; Perdue; Pilgrim's Pride; Sanderson; Simmons; Tyson; Wayne | Amick; Fieldale; George's; Marshall Durbin; Peco | Count I (Sherman Act Claim for all Anticompetitive Conduct); Count II (Sherman Act Claim for Output Restriction, Pled in the Alternative to Count I); Count III (Sherman Act Claim for GA Dock Manipulation, Pled in the Alternative to Count I); Count LVII (Sherman Act Claim for Bid Rigging, Pled in the Alternative to Count I) |

---

[1] Pursuant to the Court's orders in *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, the Direct Action Plaintiffs filed "a consolidated complaint" [ECF Nos. 3778, 3652, 3525] containing "all the allegations the Direct-Action Plaintiffs make against all Defendants" on October 23, 2020 [ECF Nos. 3924 & 3922]. The Court's orders did not address how DAPs seeking to file new complaints after the filing of Direct Action Plaintiffs' Consolidated Complaint and Demand for Jury Trial should proceed. In an effort to promote efficiency, Plaintiff files this abbreviated pleading that incorporates by reference and adopts the allegations set forth in Direct Action Plaintiffs' Consolidated Complaint and Demand for Jury Trial. If the Court prefers a different form or process, Plaintiff will withdraw this pleading and proceed according to the Court's direction.

[2] By virtue of Plaintiff previously being a member of the putative class of direct purchasers, Plaintiff was also a member of the settlement classes that were certified with respect to Fieldale Farms Corporation, George's, Inc. and George's Farms, Inc., Peco Foods, Inc., and Amick Farms, LLC. While Plaintiff has not named these corporations as Defendants, Plaintiff nonetheless has named these corporations as Co-Conspirators in order to describe their conduct and contributions to the unlawful conspiracy.

3

8. In addition to the above information, Pollo would add the following additional Count LVII to the Direct Action Plaintiffs' Consolidated Complaint and Demand for Jury Trial [ECF Nos. 3924, 3922].

## COUNT LVII
### VIOLATION OF 15 USC § 1 (AGAINST CLAXTON, HARRISON, KOCH, MAR-JAC, PILGRIM'S PRIDE, AND TYSON FOR BID RIGGING – PLED IN THE ALTERNATIVE TO COUNT I)

9. Pollo incorporates by reference and adopts the allegations set forth in Direct Action Plaintiffs' Consolidated Complaint and Demand for Jury Trial [ECF Nos. 3924, 3922], and the allegations in the superseding indictment returned by the grand jury in *United States v. Jayson Jeffrey Penn, et al.*, No. 20-cv-152 (D. Colo.) [ECF No. 101] on October 6, 2020.

10. Pollo was directly and proximately injured by the bid-rigging conduct described in the Superseding Indictment.

11. Defendants' unlawful contract, combination or conspiracy had the following direct, substantial, and reasonably foreseeable effects on commerce in the United States: (1) prices charged to, and paid by, Plaintiff for chicken were artificially raised, fixed, maintained, or stabilized at supra-competitive levels; (2) Plaintiff was deprived of the benefits of free, open, and unrestricted competition in the United States chicken market; and (3) competition in establishing the prices paid for chicken in the United States was unlawfully restrained, suppressed, or eliminated.

12. Defendants named in the above Count directly and proximately caused injury to Pollo in the United States.

13. As a direct and proximate result of Defendants' above-described unlawful conduct, Pollo paid artificially inflated prices for chicken.

4

14. As a direct and proximate result of Defendants' above-described anticompetitive conduct, Pollo was damaged in its business or property by paying prices for chicken that were higher than they would have been but for Defendants' unlawful conduct, which has resulted in an amount of ascertainable damages to be established at trial.

15. Defendants' anticompetitive conduct described in this Complaint constitutes a per se violation of Section of 1 of Sherman Act, 15 U.S.C. § 1.

16. Defendants' conduct is also unlawful under the Rule of Reason standard of antitrust liability because at all relevant times Defendants possessed significant market power in the market for broilers and their conduct had actual anticompetitive effects with no or insufficient offsetting pro-competitive justifications.

**PRAYER FOR RELIEF**

WHEREFORE, Pollo respectfully requests that the Court:

A. Enter joint and several judgments against Defendants in favor of Pollo;

B. Award Pollo damages in an amount to be determined at trial to the maximum extent allowed under federal antitrust laws, and enter a joint and several judgment in favor of Pollo against Defendants in an amount to be trebled as provided by law;

C. Award Pollo post-judgment interest as provided by law, with such interest to be awarded at the highest legal rate;

D. Award Pollo attorneys' fees, litigation expenses, and costs, as provided by law; and

E. Grant Pollo such other and further relief that the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Pollo demands a trial by jury on all issues so triable.

DATED:  December 31, 2020

Respectfully submitted,

_____
William J. Blechman, Esquire
Douglas H. Patton, Esquire
Samuel J. Randall, Esquire
Michael A. Ponzoli, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:  (305) 373-1000
Fax:  (305) 372-1861
E-mail:  wblechman@knpa.com
            dpatton@knpa.com
            srandall@knpa.com
            mponzoli@knpa.com

***Counsel for Plaintiff Pollo Operations, Inc.***

629802.1